# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLEVELAND O. BUTLER, | NO. 3:18-CV-01233 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| FRAN CHARDO, | (MAGISTRATE JUDGE ARBUCKLE) |
| Defendant. | |

## **MEMORANDUM**

Presently before me are: Magistrate Judge Arbuckle's Report and Recommendation ("R&R") (Doc. 4) regarding Plaintiff Cleveland O. Butler's Complaint (Doc. 1) and Motion for Court Appointed Counsel (Doc. 2); and Butler's objections (Docs. 5-6) to Magistrate Judge Arbuckle's R&R. Butler's Complaint will be dismissed because this Court lacks subject matter jurisdiction to consider his sole claim pled, and Butler's Motion for Court Appointed Counsel will accordingly be denied. Finally, because providing an opportunity to amend the Complaint would be futile, leave to amend will not be given.

## **I. Background**

The facts as taken from Butler's *pro se* Complaint and the public record are as follows:

In May of 2000, Butler was convicted of crimes stemming from a sexual relationship with a juvenile offender detained at Butler's place of employment, Schaffner Youth Center. *Butler v. Collins*, No. 3:CV-11-2170, 2014 WL 7272503, at *1 (M.D. Pa. Dec. 18, 2014) (quoting the opinion of the Dauphin County Court of Common Pleas). The trial court sentenced Butler to a prison term of fifteen (15) to thirty (30) years, imposed fines, and ordered Butler pay costs of prosecution on August 31, 2000. *Id.* The judgment of sentence was subsequently affirmed on October 17, 2001, and the Pennsylvania Supreme Court

denied Butler's request for allowance of an appeal on March 6, 2002. *Id.* at *3.

Butler then began state habeas proceedings pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), filing a *pro se* petition in early 2003. (Doc. 1 at 3). In his petition, Butler requested discovery of the "Daily Log/POD Reports" from Schaffner Youth Center's "D-Pod Unit," hoping the evidence obtained would exculpate him. (*Id.*) The PCRA court denied this request. *Butler*, 2014 WL 7272503, at *3. After some years of litigation and the Pennsylvania Superior Court remanding Butler's case to the PCRA court on other grounds, Butler filed an amended petition on July 16, 2008. *Id.* at *4-5; (Doc. 1 at 4). In this amended petition, Butler claimed that the PCRA court abused its discretion when it denied his request for discovery under Pa. R. Crim. P. 902(E) (which prohibits discovery in post-conviction collateral proceedings absent "exceptional circumstances") and that application of Rule 902(E) "under the circumstances of [his] case" would violate his rights "under the Due Process clause[.]" *Butler*, 2014 WL 7272503, at *5.

The PCRA Court found these claims meritless in its November 15, 2010 memorandum, denied Butler's request for discovery, and dismissed his petition in a December 13, 2010 order. *Id.* at *6. Butler appealed to the Pennsylvania Superior Court, which affirmed the PCRA Court's decision on October 17, 2011. *Id.*

After failing to obtain relief in state courts, on November 21, 2011 Butler filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Pennsylvania. *Id.* Butler raised seven grounds for relief, all of which argued the Pennsylvania courts unreasonably applied the U.S. Supreme Court's ineffective assistance of counsel standard. *Id.* at *6-7. However, Butler did not argue that the Pennsylvania courts violated Butler's constitutional rights when they denied him discovery under Pa. R. Crim. P. 902(E). The District Court denied Butler's petition on December 18, 2014, ruling that the Pennsylvania courts' findings that Butler's counsel was not ineffective

was not an unreasonable application of Supreme Court precedent. *Id.* at *21 (certificate of appealability denied 3d Cir. 15-1179 (Sep. 29, 2015)).

Butler filed this Section 1983 action and a Motion for Court Appointed Counsel on June 18, 2018, arguing that the Pennsylvania courts violated his substantive and procedural due process rights by denying him discovery under Rule 902(E). (Doc. 1 at 5). Butler requests an injunction declaring the Rule unconstitutional and discovery of the documents he requested in his 2003 PCRA petition (or a hearing on whether he is entitled to discovery under the "exceptional circumstances" standard of Rule 902(E)). (Doc. 1 at 6). Pursuant to the Prison Litigation Reform Act ("PLRA"), Magistrate Judge Arbuckle screened Butler's Complaint and provided me with an R&R, which was filed on July 9, 2018. Magistrate Judge Arbuckle recommends that Butler's Motion for Court Appointed Counsel be denied and Butler's Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. On July 23, 2018, Butler filed timely objections to Magistrate Judge Arbuckle's R&R. The R&R and Butler's objections are now ripe for review.

**II. Legal Standards**

**A.     Review of the Report and Recommendation**

Where objections to a magistrate judge's R&R are filed, I must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

In conducting a *de novo* review, I may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits me to rely on the recommendations of the magistrate judge to the extent I deem it proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749

F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, courts should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**B.    Motion to Dismiss**

Courts screening complaints pursuant to the PLRA use the same standard as they do for 12(b)(6) motions to dismiss. *See Shover v. York Cty. Prison*, No. 11-CV-2248, 2012 WL 720858, at *2 (M.D. Pa. Mar. 1, 2012).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, my role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

4

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

In deciding a motion to dismiss, a court considers the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). I may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. I need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

5

1410, 1429–30 (3d Cir. 1997)).

### III. Discussion

**A. Recommendation To Dismiss Butler's Complaint**

Under the PLRA, courts are required to screen complaints when a prisoner seeks redress from a government officer (such as Defendant Chardo). The screening required is comprehensive. Title 28 U.S.C. § 1915A provides that the district court shall dismiss a complaint if the court determines that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. During the screening of a complaint, the court is also free to consider questions related to subject matter jurisdiction and abstention. *See Day v. Florida*, 563 Fed. App'x 878, 880 (3d Cir. 2014) (per curiam).

While screening Butler's Complaint, Magistrate Judge Arbuckle noted one ground for dismissal: that the statute of limitations applicable to Butler's Section 1983 claim had run. (Doc. 4 at 11-12). Butler timely objected, arguing that his claim was not yet barred by the statute of limitations and that equitable tolling is appropriate given the circumstances of his case. (Doc. 6 at 11-13).

However, there is a more fundamental flaw with Butler's Complaint: I do not have jurisdiction to review the constitutionality of Pa. R. Crim. P. 902(E) at this time due to the *Rooker-Feldman* doctrine. That doctrine provides that federal district courts lack subject matter jurisdiction to sit in direct review of state court decisions. *See Day*, 563 Fed. App'x at 880 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The doctrine is derived from 28 U.S.C. § 1257 which states that '[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court.'" *Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d Cir. 2008). "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower

District Courts to review state court decisions." *Desi's Pizza, Inc. v. City of Wilkes Barre*, 321 F.3d 411, 419 (3d Cir. 2003). This doctrine applies equally to criminal and civil decisions rendered by a state court. In order for this doctrine to apply, there are four requirements that must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining and Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotation omitted).

Here, all four factors are met. Butler's claim that the state courts' application of Pa. R. Crim. P. 902(E) denied him due process lost in both the PCRA Court and Pennsylvania Superior Court. Additionally, Butler's current Complaint, filed after his state court losses, alleges the judgments of the state courts (or as Butler puts it, their "construction" of Rule 902(E)(1)) violated his constitutional rights and thus caused injury. Finally, Butler implicitly requests that I review the decisions of the state courts by requesting relief that, if granted, would require me to overturn the state courts' judgments. *Rooker-Feldman* therefore applies in this case: (1) Butler was the "loser" in the state court proceedings; (2) Butler is claiming injury which resulted from the state court judgments; (3) Butler filed his federal complaint after the state courts rendered judgment; and (4) Butler is inviting appellate review of the state courts' judgments.

For his part, Butler says that he is not challenging "the decision reached by the PCRA Court in applying Rule 902(E)(1) to [his discovery] motion," but is instead challenging the Rule "'as construed' by the Pennsylvania Courts" as violating his Fourteenth Amendment right to due process (Doc. 1 at 5). Unfortunately, despite Butler's phrasing, his request would still require me to review the decisions of the state courts for reversible error. *See Bolus v. Cappy*, 141 Fed. App'x 63, 65 (3d Cir. 2005). I cannot conduct such an inquiry.

Because the *Rooker-Feldman* elements are satisfied, I must dismiss Butler's sole claim, as it improperly invites me to act as an appellate judge within the Commonwealth of Pennsylvania. And as this Court lacks subject matter jurisdiction, I cannot opine on the

applicability of the statute of limitations or equitable tolling to Butler's action. I must therefore dismiss Butler's whole Complaint.

**B. Motion for Court Appointed Counsel**

Butler's Motion for Court Appointed Counsel will similarly be denied. It is true that I have broad discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel for indigent civil litigants. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, I must assess as a threshold matter "whether the claimant's case has some arguable merit in fact and law." *Montogmery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002). Because this Court definitively lacks subject matter jurisdiction over Butler's claim, Butler lacks a case with arguable merit in fact and law, and I should not allocate to him the "precious commodity" of "volunteer lawyer time." *Id.* at 499. Accordingly, I adopt the portion of Magistrate Judge Arbuckle's R&R recommending denial of Butler's Motion for Court Appointed Counsel.

**C. Leave to Amend**

The precedent in the Third Circuit is clear: "in civil right cases, district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 251 (3d Cir. 2007); *see, e.g.*, *Darr v. Wolfe*, 767 F.2d 79, 80-81 (3d Cir. 1985); *Kauffman v. Moss*, 420 F.2d 1270, 1276 (3d Cir. 1970) (specifically noting the leniency provided to *pro se* filers). In this case, the Complaint fails to state a viable civil rights claim due to this Court's lack of subject matter jurisdiction. Further, any proposed amendment to the Complaint would not cure this fundamental defect. Because leave to amend would be futile, Butler's Complaint will be dismissed with prejudice. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)*.*

**IV. Conclusion**

For the above stated reasons, Butler's Motion for Court Appointed Counsel will be denied, and Butler's Complaint will be dismissed with prejudice.

An appropriate order follows.

August 22, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge